IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| RONALD FENDER, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : Case No.: 7:21-CV-123 (WLS-TQL) |
| JASON CLIFTON and | : |
| VICTOR HARDIN, | : |
| | : |
| Defendants. | : |
| _____ | : |

**ORDER**

Before the Court is a Report and Recommendation (Doc. 32) entered by United States Magistrate Judge Thomas Q. Langstaff on December 15, 2022, on Defendants' Motion for Summary Judgment (Doc. 24). Judge Langstaff recommends that Defendant's Motion for Summary Judgment (Doc. 24) be granted and that judgment be entered in favor of Defendants. (Doc. 32, at 6).

Plaintiff Fender, proceeding pro se, filed his lawsuit pursuant to 42 U.S.C. § 1983 against Defendants Jason Clifton and Victor Hardin, the employees of the Sheriff of Lowndes County, on September 22, 2021. (Doc. 1). Plaintiff complained about Defendants' alleged failure to protect him from another inmate while Plaintiff was housed in the medical unit at the Lowndes County Jail. (*Id.*) Defendants filed their Answer (Doc. 18), then filed a Motion for Summary Judgment (Doc. 24-4), arguing that Plaintiff cannot show that Defendants subjectively knew of the substantial risk of serious harm or that Defendants knowingly or recklessly disregarded that risk. Defendants also attached their sworn affidavit (Doc. 24-1; Doc. 24-2), and statement of material facts (Doc. 24-3) to their Motion for Summary

1

Judgment. Subsequently, Plaintiff filed his unsworn affidavit (Doc. 27), which Judge Langstaff construed liberally and considered as Plaintiff's Response to the summary judgment motion. Defendants then filed their Reply (Doc. 28) to Plaintiff's unsworn affidavit.

The Recommendation noticed[1] the Parties that they may serve and file a written objection to the Recommendations within fourteen (14) days after being served with a copy of this recommendation. (Doc. 32); 28 U.S.C. § 636(b)(1). To date, no objection has been filed with this Court. Therefore, this Court reviews the Recommendation for clear error. *See United States v. Aponte*, 461 F. App'x 828, 830 n.2 (11th Cir. 2012). Upon full review and consideration of the record, the Court finds no clear error or manifest injustice therein. *Id.* Therefore, this Court finds that the Recommendation (Doc. 32) should be, and hereby is, **ACCEPTED**, **ADOPTED**, and made the Order of this Court for reason of the findings made and reasons stated therein. Accordingly, Defendants' Motion for Summary Judgment (Doc. 24) is **GRANTED**. Judgment shall be entered in favor of Defendants and against Plaintiff.

**SO ORDERED**, this __1st__ day of February 2023.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] Once the Recommendation (Doc. 32) was entered, it was immediately mailed to Plaintiff on December 16, 2022. However, the mail returned as undeliverable about a week later. (Doc. 33). Previously, Plaintiff had filed a notice of change of address two times in May and July of 2022. (Doc. 23; Doc. 26). Due to the mail being returned as undeliverable this time, it appears that Plaintiff has had another change in the address but has not taken the action to update the Court as he did before.